**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Ann Lupo, | No. CV-13-661-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration Commissioner's decision denying her application for disability insurance benefits. The parties have expressly consented in writing to proceed before the undersigned Magistrate Judge per 28 U.S.C. § 636(c). (Docs. 8, 13)  Plaintiff has filed an Opening Brief and Defendant has filed a Response Brief. (Docs. 19, 20)  Plaintiff has not filed a reply brief. After review of the record, briefing and applicable law, the decision of the Commissioner is affirmed.

**I. Background**

Plaintiff filed an application for disability insurance benefits under the Social Security Act on July 30, 2010, when she was 41 years old. (AR[1] 21, 164-65) Plaintiff, who completed two years of college and worked as a registered nurse from 1999 to 2010, claims she is, has

---

[1] Citations to "AR" are to the administrative record.

been, unable to work because of disabling conditions, beginning on May 10, 2010. (AR 164, 187) Plaintiff identified severe depression, panic attacks, anxiety, insomnia, bipolar disorder, paranoia, and alcohol as the conditions that limit her ability to work. (AR 186)

A hearing was held before an Administrative Law Judge ("ALJ") on September 22, 2011. (AR 37-60)  In an October 7, 2011 decision, the ALJ determined Plaintiff has the following severe impairments: alcohol dependence, major depressive disorder, and anxiety disorder. (AR 23)  The ALJ found Plaintiff's impairments meet the criteria for three listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 24-25)  However, the ALJ found that if Plaintiff stopped the alcohol use, she would not have an impairment that met or medically equaled the listings. (AR 25-26)  The ALJ further found that, if Plaintiff stopped consuming alcohol, she would have the residual functional capacity[2] ("RFC") to perform a full range of work at all exertional levels, but Plaintiff would be "limited to simple unskilled tasks, working primarily with objects, rather than with data or people." (AR 27-29)  Accordingly, the ALJ ruled that Plaintiff is not entitled to disability benefits because, although she is under a disability, "a substance use disorder is a contributing factor material to the determination of disability." (AR 21-22) She is, therefore, not disabled within the meaning of the Social Security Act since the date of onset through the date of the decision. (*Id.*)

**II. Analysis**

Plaintiff argues the ALJ erred by: 1) finding substance use material to a finding of disability under the medical listings; 2) failing to properly weigh the medical evidence; 3) failing to properly evaluate Plaintiff's credibility; and 4) relying on the medical-vocational guidelines. (Doc. 19) Defendant disputes Plaintiff's arguments and contends the administrative decision is supported by substantial evidence and free of harmful legal error.

---

[2] The term "residual functional capacity" means the most an individual can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.  *See* 20 C.F.R § 404.1545(a)(1-2).

2

The undersigned Magistrate Judge has reviewed the record and finds that the ALJ's decision is supported by substantial evidence. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

First, it was reasonable for the ALJ to find that Plaintiff's alcohol use was a contributing factor material to her disability. *See* 42 U.S.C. § 423(d)(2)(C) (providing that an individual is not to be considered disabled if alcoholism is a contributing factor material to the disability determination); *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007) (claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to disability). The ALJ explained that a state agency physician, Jonathan Zeuss, M.D., opined that Plaintiff's alcohol use is material to her disability, an opinion the ALJ found was substantially consistent with the longitudinal evidence of the record. (AR 28, 81-85)  In addition, as the ALJ explained, since Plaintiff reduced her alcohol consumption, she is able to live alone, arrange her own meals, go shopping with family members, pay bills, and read articles online. (AR 26) She also traveled to New York in 2011 to attend her godson's birthday (*Id.*) The ALJ further pointed out that Plaintiff herself reported in a substance abuse questionnaire that alcohol made her feel "more depressed" and affected her ability to work. (AR 237) The Court finds no error in the ALJ's finding regarding the materiality of Plaintiff's alcohol use.

Second, the Court finds the ALJ reasonably weighed the medical opinion evidence. If a treating doctor's opinion is contradicted by another doctor, the ALJ can reject it by providing "'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995))  The ALJ rejected the treating physician's medical source statements that concluded Plaintiff is disabled from her mental impairments, independent of her alcohol abuse. (AR 28) (citing AR 262-63, 309-16, 351, 353)) The ALJ found the treating

physician's opinions regarding the impact of Plaintiff's alcohol abuse was not supported by the longitudinal evidence of the record. (AR 28) As noted above, the state agency physician reached a different opinion, concluding that Plaintiff's alcohol use is a contributing factor that is material to her disability. In addition, the ALJ pointed out Plaintiff's own admission supported his finding that Plaintiff's alcohol consumption aggravated her depression. (AR 28) The ALJ also noted that the treating physician's opinions fail to address the fact that Plaintiff was able to work for eleven years as a registered nurse, despite her mental impairments, and did not experience a worsening of her symptoms. (*Id.*) Rather, the worsening of Plaintiff's symptoms coincided with her periods of increased alcohol consumption between 2008 and 2010. Lastly, the ALJ explained that the treating physician's opinions were rendered during a period when Plaintiff was still drinking alcohol and before Plaintiff claimed that she stopped in September 2011. (AR 28) The Court finds that the ALJ provided specific and legitimate reasons to reject the treating physician's opinion, and those reasons are supported by substantial evidence in the record.

Third, the Court further finds that the ALJ reasonably evaluated Plaintiff's credibility. Where a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, the ALJ may make an adverse credibility determination only by offering specific, clear and convincing reasons for doing so. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-1036 (9th Cir. 2007). The ALJ found Plaintiff to be "not wholly credible," particularly with respect to her alcohol use. (AR 28) The ALJ referenced Plaintiff's testimony at the administrative hearing where Plaintiff said she started drinking a couple months before her grandmother got sick in 2008 and she would drink about three or four gin or vodka drinks almost daily. (AR 28, 52) She stated that drinking lasted for only about four months. (*Id.*) During her consultative psychiatric examination in September 2010, however, Plaintiff said that in 2009 she was drinking a bottle of gin per day for six months. (AR 28) Plaintiff further reported at that time that she

had stopped drinking heavily around January 2010. (*Id.*) On her December 26, 2010 Substance Abuse Questionnaire, however, she reported drinking as much as two bottles of wine and a bottle of gin per day, and she had stopped drinking alcohol only three months before answering the questionnaire. (*Id.*) The ALJ cited additional examples of inconsistent statements during her testimony and inconsistent reports regarding the effects of alcohol on her impairments. (*Id.*)  The Court concludes that the ALJ presented specific, clear and convincing reasons which are supported by substantial evidence for concluding that Plaintiff lacked credibility.

Lastly, the Court finds no error with regard to the ALJ's reliance on the Medical-Vocational Guidelines (the "Grid"). As noted above, the ALJ determined that, if Plaintiff stopped her alcohol use, she could perform work involving simple, unskilled tasks, primarily with objects, at all exertional levels. Based on that determination, the ALJ relied on Rule 204 of the Grid to conclude Plaintiff is not disabled. (AR 30)  The ALJ explained that Plaintiff does not have any exertional limitations and, if she does not abuse alcohol, she "is able to perform the basic, requisite, mental demands of unskilled work." (AR 30) Plaintiff has failed to show any error in the ALJ's reliance on the Grid to reach the conclusion that Plaintiff is not disabled. As Plaintiff concedes, the limitations assessed by the ALJ do not preclude reliance on the Grid. Accordingly, the Court finds that the ALJ was not required to obtain vocational expert testimony and did not err in relying instead on Rule 204 of the Grid as a framework to conclude that Plaintiff was not disabled. *See Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007) (affirming ALJ's reliance on the Medical-Vocational Guidelines after finding that plaintiff's depression did not constitute a sufficiently severe non-exertional limitation to require vocational testimony).

**III. Conclusion**

For these reasons, the Court finds the Commissioner's decision is supported by substantial evidence and free from harmful legal error.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is kindly directed to enter judgment accordingly and terminate this appeal.

Dated this 13th day of June, 2014.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge